**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MALDEN TRANSPORTATION, INC. et al,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | C.A. No. 1:16-cv-12538-NMG<br><br>consolidated with:<br>C.A. No. 1:16-cv-12651-NMG;<br>C.A. No. 1:17-cv-10142-NMG;<br>C.A. No. 1:17-cv-10180-NMG;<br>C.A. No. 1:17-cv-10316-NMG;<br>C.A. No. 1:17-cv-10598-NMG; and<br>C.A. No. 1:17-cv-10586-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TRAVIS KALANICK
AND GARRETT CAMP'S MOTION TO DISMISS**

Michael N. Sheetz (BBO #548776)
Adam S. Gershenson (BBO #671296)
Timothy W. Cook (BBO# 688688)
Cooley LLP
500 Boylston Street
Boston, MA  02116
Tel.:  (617) 937-2300
Fax:  (617) 937-2400
msheetz@cooley.com
agershenson@cooley.com
tcook@cooley.com

Beatriz Mejia (*pro hac vice*)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
Fax: (415) 693-2222
mejiab@cooley.com

Attorneys for *Uber Technologies, Inc.*, and *Garrett Camp*

Walter F. Brown (*pro hac vice*)
Melinda Haag (*pro hac vice*)
Robin A. Linsenmayer (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Tel.:  (415) 773-5700
Fax:  (415) 773-5759
wbrown@orrick.com
mhaag@orrick.com
rlinsenmayer@orrick.com

*Attorneys for Travis Kalanick*

# TABLE OF CONTENTS

                                        **Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 2

III.  GOVERNING LEGAL STANDARD ............................................................................... 2

IV.  THE COURT LACKS PERSONAL JURISDICTION OVER KALANICK AND CAMP ............................................................................................. 3

     A.    Plaintiffs Have Not Established Contacts Necessary to Support General Jurisdiction Over Kalanick and Camp. ..................................... 3

     B.    Plaintiffs Have Not Established Contacts Necessary to Support Specific Jurisdiction Over Kalanick and Camp. ...................................... 4

          1.    Plaintiffs Have Not Alleged Sufficient Contacts Related to Their Claims ................................................................................. 5

          2.    Plaintiffs Have Not Alleged Individual Purposeful Availment of Massachusetts. ......................................................... 7

          3.    There is No "Reasonable" Jurisdiction Over These California-Based Individuals Here. .............................................. 7

V.   PLAINTIFFS FAIL TO STATE A CLAIM AGAINST KALANICK AND CAMP ON ALL CAUSES OF ACTION. ............................................................. 8

VI.  PLAINTIFFS FAIL TO STATE A CLAIM FOR CIVIL CONSPIRACY. ........... 9

VII. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3

*Blake v. Prof'l Coin Grading Serv.*,
  898 F. Supp. 2d 365 (D. Mass. 2012) ....................................................................................10

*Cash Energy, Inc. v. Weiner*,
  768 F. Supp. 892 (D. Mass. 1991) ...........................................................................................8

*Confederate Motors, Inc. v. Terny*,
  831 F. Supp. 2d 405 (D. Mass. 2011) .......................................................................................8

*Copperweld Corp. v. Independence Tube Corp.*,
  467 U.S. 752 (1984) ..............................................................................................................10

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ..............................................................................................................3

*De La Rosa v. Phillip Morris Products, Inc.*,
  975 F. Supp. 161 (D.P.R. 1997) ..............................................................................................4

*Egan v. Tenet Health Care*,
  193 F. Supp. 3d 73 (D. Mass. 2016) ........................................................................................9

*Goodyear Dunlop Tires Operations, S.A. v Brown*,
  564 U.S. 915 (2011) ................................................................................................................4

*Interface Grp.-Mass., LLC v. Rosen*,
  256 F. Supp. 2d 103 (D. Mass. 2003) ..............................................................................3, 5, 6

*Johnson Creative Arts, Inc. v. Wool Masters, Inc.*,
  573 F. Supp. 1106 (D. Mass. 1983) .........................................................................................5

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984) ................................................................................................................6

*LaVallee v. Parrot-Ice Drink Prods. of Am., Inc.*,
  193 F. Supp. 2d 296 (D. Mass 2002) .......................................................................................7

*Maldonado v. Fontanes*,
  568 F.3d 263 (1st Cir. 2009) ...................................................................................................3

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
  142 F.3d 26 (1st Cir. 1998) ............................................................................................4, 5, 7

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Negron-Torres v. Verizon Commc'ns., Inc.*,
  478 F.3d 19 (1st Cir. 2007) ..................................................................................................2

*Paradigm BioDevices, Inc. v. Viscogliosi Bros., LLC*,
  2011 WL 1793346 (D. Mass. May 11, 2011) ......................................................................6

*Patriot Plastics & Supply, Inc. v. Polymer Corp.*,
  1995 WL 809500 (Mass. Super. Jan. 20, 1995) ..................................................................9

*Pettengill v. Curtis*,
  584 F. Supp. 2d 348 (D. Mass. 2008) ..................................................................................4

*Phillips Exeter Acad. v. Howards Phillips Fund*,
  196 F.3d 284 (1st Cir. 1999) ................................................................................................7

*Platten v. HG Bermuda Exempted Ltd.*,
  437 F.3d 118 (1st Cir. 2006) ............................................................................................3, 9

*Rederford v. U.S. Airways, Inc.*,
  589 F.3d 30 (1st Cir. 2009) ..................................................................................................3

*Rick v. Profit Mgmt. Assocs., Inc.*,
  2017 WL 971702 (D. Mass. Mar. 13, 2017) ........................................................................8

*Salkind v. Wang*,
  1995 WL 170122 (D. Mass. Mar. 30, 1995) ........................................................................9

*Sawtelle v. Farrell*,
  70 F.3d 1381 (1st Cir. 1995) ........................................................................................4, 6, 7

*Snyder v. Collura*,
  812 F.3d 46 (1st Cir. 2016) ................................................................................................10

*Soni v. Boston Med. Ctr. Corp.*,
  683 F. Supp. 2d 74 (D. Mass. 2009) ....................................................................................9

*Taylor v. Am. Chemistry Council*,
  576 F.3d 16 (1st Cir. 2009) ................................................................................................10

*United Elec. Workers v. 163 Pleasant St. Corp.*,
  960 F.2d 1080 (1st Cir. 1992) ..............................................................................................4

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014) .........................................................................................................5

# TABLE OF AUTHORITIES
**(continued)**

**Page(s)**

*Wentworth Precious Metals, LLC v. City of Everett*,
    2013 WL 441094 (D. Mass. Feb. 4, 2013) ..............................................................................10

## I.     INTRODUCTION[1]

Plaintiffs, seven Boston cab companies, have attempted to inject into their suit against Uber individual claims against Uber's California-based founders Kalanick and Camp. They have no basis to do so. Black-letter law bars such overreach because Plaintiffs (1) fail to demonstrate personal jurisdiction to sustain these personal claims, (2) fail to plausibly allege that these defendants somehow have individual liability for corporate conduct, and (3) assert a legally impossible claim that Uber has conspired with itself.

In reality, this dispute has nothing to do with Kalanick or Camp personally. The 182-paragraph *Taxi Maintenance* complaint is bereft of facts related to either individual. Only three paragraphs allege any activities at all by either defendant. Plaintiffs' only allegation regarding Camp is that he is an Uber co-founder and director (¶ 3). They assert not one fact tying him to the allegedly improper conduct. Regarding Kalanick, the Complaint alleges little more. Plaintiffs state that he is President and CEO of Uber. *Id.* And the Complaint purports to cite seven short comments by Kalanick to the media, totaling 141 words, all made between 2012 and 2014, related to Kalanick's work ethic, Uber's general business strategy, and Kalanick's taste in literature (¶¶ 49, 64). Two of the alleged comments are identical, duplicative quotes from the same source—an on stage interview at the May 28, 2014 Code Conference in Palos Verdes, California (¶ 64(a) & (b)). None is related in any way to the six causes of action in the Complaint. This is legally insufficient.

Nor can the Complaint plausibly allege that Uber's executives "conspired" with Uber, or engendered individual liability by running the company. Without plausible factual allegations that Kalanick and Camp individually took the actions leading to Plaintiffs' claims (e.g., that, as individuals, they competed unfairly or engaged in predatory pricing), Plaintiffs cannot maintain

---

[1] Per the Court's Consolidation Order, Defendants have filed under the *Malden* docket, but to be clear Defendants hereby move to dismiss the Complaint in *Taxi Maintenance, Inc. v. Uber*, 17-cv-10598-NMG, Dkt. No. 1.

1

individual claims against Kalanick or Camp. To countenance Plaintiffs' attempt to sue Kalanick and Camp as individuals would undermine the fundamental protections of the corporate form. Such an approach would chill business activity and invite strike suits designed to force parties to enter quick, unjustified settlements to avoid risk of employee liability for corporate litigation. Not surprisingly, the law forbids Plaintiffs from pursuing such claims. The Court should dismiss with prejudice the claims against individual Defendants Kalanick and Camp.[2]

## II.   BACKGROUND

Travis Kalanick, Uber's co-founder and former CEO, is a California resident. *Taxi Maintenance v. Uber*, Complaint, 17-cv-10598-NMG, Dkt. No. 1, at ¶¶ 3, 23("Compl."). Garrett Camp, an Uber co-founder and director, is also a California resident. *Id.* at ¶¶ 3, 24. The Complaint names both Kalanick and Camp as personal defendants, but alleges no Massachusetts-based activity against either individual related to any cause of action. Indeed, the Complaint alleges even *fewer* facts than the amended complaint filed by the same counsel in *MacCausland v. Uber*. See 17-cv-10253, Amended Complaint, Dkt. No. 27.

The Complaint also alleges that "Mr. Kalanick, Mr. Camp, and Uber, together with the employees of Uber," engaged in a "conspiracy," even though these individuals are all part of a single corporate entity that cannot enter into an agreement with itself. Compl. ¶ 178.

## III.   GOVERNING LEGAL STANDARD

To avoid dismissal for lack of personal jurisdiction under Rule 12(b)(2), "it is plaintiff's burden to demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the Constitution." *Negron-Torres v. Verizon Commc'ns.,*

---

[2] Plaintiffs' claims against Kalanick and Camp should also be dismissed for the reasons demonstrated in Uber's Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaints. Defendants hereby incorporate that brief by reference as set forth here. Dkt. No. 73.

2

*Inc.*, 478 F.3d 19, 24 (1st Cir. 2007). Plaintiffs "may not rely on unsupported allegations in [the] pleadings" but must instead "adduce evidence of specific facts." *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006) (quotations and citations omitted); *see Interface Grp.-Mass., LLC v. Rosen*, 256 F. Supp. 2d 103, 106 (D. Mass. 2003) (dismissing action where plaintiff failed to provide evidence "to support findings of all facts essential to personal jurisdiction") (quoting *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992)).

To avoid dismissal under Rule 12(b)(6), a complaint must contain "sufficient factual matter" to state an actionable claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). Courts need not accept as true legal conclusions or unsupported allegations. *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). "[C]ourts need not accept 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise." *Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 35 n.4 (1st Cir. 2009).

## IV. THE COURT LACKS PERSONAL JURISDICTION OVER KALANICK AND CAMP.

The Complaint fails to establish either general or specific jurisdiction. Indeed, Plaintiffs fail to plead even basic facts connecting Kalanick or Camp to Massachusetts and the claims before the Court. Plaintiffs instead rely solely on allegations over the corporation, Uber, and never present the required relevant facts to sustain personal claims against Kalanick or Camp under either jurisdictional theory.

### A. Plaintiffs Have Not Established Contacts Necessary to Support General Jurisdiction Over Kalanick and Camp.

"[G]eneral jurisdiction requires affiliations so 'continuous and systematic' as to render the foreign [defendant] essentially at home in the forum State[.]" *Daimler AG v. Bauman*, 134 S. Ct. 746, 758 n.11 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v Brown*, 564 U.S. 915, 919 (2011) (alterations removed)). Accordingly, a plaintiff seeking to assert "general" jurisdiction

3

must demonstrate that the defendant himself "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir. 1992). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear,* 564 U.S. at 924.

Here, Plaintiffs seek to establish general jurisdiction by alleging in a single conclusory phrase that California-based Kalanick and Camp are "subject to general personal jurisdiction" in Massachusetts. *See* Compl. ¶ 13. But conclusory statements cannot support a court's exercise of jurisdiction over an out-of-state defendant. A plaintiff must show sufficient *evidence* to justify a finding of general jurisdiction. *E.g.*, *Pettengill v. Curtis*, 584 F. Supp. 2d 348, 357 (D. Mass. 2008) (dismissing due to insufficient "evidence of contracts"); *De La Rosa v. Phillip Morris Products, Inc.,* 975 F. Supp. 161, 170 (D.P.R. 1997) (finding no general jurisdiction where plaintiff's claim of continuous and systematic contacts was "conclusory" in nature and "not buttressed by any evidence beyond the pleadings"). Plaintiffs' baseless assertion cannot substitute for the requisite facts and cannot establish general jurisdiction.

### B. Plaintiffs Have Not Established Contacts Necessary to Support Specific Jurisdiction Over Kalanick and Camp.

Specific jurisdiction exists only "when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). Accordingly, to exercise "specific" jurisdiction over a non-resident defendant, a plaintiff must provide evidence that (1) the claim directly relates to the defendant's forum-state activities; (2) the defendant purposely availed himself of the privilege of conducting activities in the forum state; and (3) the Court's exercise of jurisdiction over the defendant is reasonable. *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995). Plaintiffs must establish all three prongs;

Plaintiffs here meet none.

### 1. Plaintiffs Have Not Alleged Sufficient Contacts Related to Their Claims.

Relatedness "focuses on the nexus between the defendant's contacts with the forum and the plaintiff's cause of action." *Interface Grp.*, 256 F. Supp. 2d at 107 (citation omitted). To show relatedness, a plaintiff must demonstrate that the defendant's in-forum contacts are both the "cause in fact (i.e., the injury would not have occurred 'but for' the defendant's forum-state activity) and legal cause (i.e., the defendant's in-state conduct gave birth to the cause of action)." *Mass. Sch. of Law*, 142 F. 3d at 35. The Court will consider only those *specific* contacts between an executive and Massachusetts; invoking the company's contacts will not suffice. *See Interface Grp.*, 256 F. Supp. 2d at 107 ("The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather, the action must directly arise out of the *specific* contacts between the defendant and the forum state.") (citation omitted).

Plaintiffs fail to allege that either executive had specific contacts with Massachusetts that formed the factual and legal cause for their claims. To the contrary, the Complaint merely asserts that Kalanick and Camp are Uber's chief executive and an Uber director, respectively, and then attempts to bootstrap jurisdiction based on their status within the company. *See, e.g.*, Compl. ¶ 10. The law squarely forbids that tactic. "[J]urisdiction over the individual officers of a corporation may not be based merely on jurisdiction over the corporation. There must be an independent basis for asserting . . . jurisdiction." *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106, 1111 (D. Mass. 1983) (citations omitted). A court must look to "the relationship among the defendant, the forum, and the litigation," which "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121-22 (2014) (citations omitted). Put simply, "jurisdiction over an employee does not automatically follow from

5

jurisdiction over the corporation which employs him[.]" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Interface Grp.*, 256 F. Supp. at 107 (holding no jurisdiction existed over a California-based defendant-CEO "merely because [defendant] is Chairman and CEO of a corporation which is alleged to have breached its contractual relationship with the plaintiff").

In fact, Plaintiffs have not alleged a single fact involving Camp; he is mentioned only as a party and resident of California, and in conclusory references in the civil conspiracy claim. *See* Compl. ¶¶ 3, 8, 10-13, 24, 178-82. The Complaint is similarly bereft of the key facts needed to assert jurisdiction over Kalanick. Instead, Plaintiffs' Complaint purports to quote statements attributed to Kalanick in articles from non-Massachusetts media sources, unrelated to any Uber activity in this forum. *Id.* at ¶¶ 49, 64, 118.

Even if Plaintiffs' allegations regarding Kalanick's statements were true, they would still not provide specific jurisdiction over Kalanick *as an individual*, because the statements (1) arose directly from Kalanick's *corporate* role, and (2) are not related to the claims at issue. Unlike, say, a defamation claim, the alleged statements were neither the legal nor the factual cause of the claims before the Court. Moreover, the statements were neither made in, nor aimed at, Massachusetts. Put simply, making a statement is irrelevant if there is "no allegation that the discussion was part of the wrongs alleged in the Complaint or that it inflicted any of the alleged harm." *Paradigm BioDevices, Inc. v. Viscogliosi Bros., LLC*, 2011 WL 1793346, at *5 (D. Mass. May 11, 2011).

In addressing such sparse pleadings, courts consistently and properly reject attempts to assert jurisdiction over out-of-state defendants. *Sawtelle,* 70 F.3d at 1389 (affirming dismissal because "of the limited contacts between the defendants and New Hampshire . . . few are relevant to [plaintiff's] claim . . . and thus few assist them in satisfying the relatedness element of the jurisdictional inquiry"); *Interface Grp.*, 256 F. Supp. 2d at 107 (finding no jurisdiction over

executive because his "half-a-dozen business trips . . . to Massachusetts" were unrelated to the action). Plaintiffs' failure to plead related contacts by Kalanick and Camp with Massachusetts is, by itself, sufficient to preclude any finding of specific personal jurisdiction.

### 2. Plaintiffs Have Not Alleged Individual Purposeful Availment of Massachusetts.

Even if Plaintiffs could establish relatedness, "the lack of purposeful availment nevertheless would defeat jurisdiction." *Phillips Exeter Acad. v. Howards Phillips Fund*, 196 F.3d 284, 291 (1st Cir. 1999). The defendant's pleaded contacts must "represent a purposeful availment" of the forum that would make his "involuntary presence before the Massachusetts court foreseeable." *Mass. Sch. of Law,* 142 F.3d at 36. An executive and director do not purposefully avail themselves of the benefits and protections of every state where their company operates. Rather, they must individually take actions that provide "notice that [they] might individually be haled into court in Massachusetts to answer for the actions of [their] employer." *LaVallee v. Parrot-Ice Drink Prods. of Am., Inc.*, 193 F. Supp. 2d 296, 304 (D. Mass 2002).

As noted, there are simply no facts alleged against Camp. And Plaintiffs cannot assert jurisdiction over Kalanick, based solely on his out-of-state statements that did not even reference Massachusetts, because as a result of those statements, Kalanick "could not reasonably have foreseen being haled into a Massachusetts court to answer allegations of a wide-ranging conspiracy." *Mass. Sch. of Law*, 142 F.3d at 37.

### 3. There is No "Reasonable" Jurisdiction Over These California-Based Individuals Here.

Even if minimum contacts existed, exercising personal jurisdiction must be reasonable. *Sawtelle*, 70 F.3d at 1394. Massachusetts has no interest in adjudicating this dispute against Kalanick and Camp because Plaintiffs have not alleged a single, related action from either individual defendant that took place in the forum. *See id.* at 1395 (holding that it would be

7

unreasonable to assert jurisdiction because "the defendants' alleged negligence occurred almost entirely outside of [the forum]"). "[T]he situation where there is jurisdiction over a company but not its officers is not uncommon—yet it does not create jurisdiction where none exists." *Confederate Motors, Inc. v. Terny*, 831 F. Supp. 2d 405, 414 (D. Mass. 2011).

Fundamentally, it would be unreasonable to assert jurisdiction over these California residents based on scant allegations of Massachusetts contacts, when Uber itself is the real party in interest. Indeed, if the law permitted such claims to go forward, every executive of every large company would be subject to personal jurisdiction in every state, even if—like Kalanick and Camp—the complaint alleged no relevant personal conduct in the forum. The Court should dismiss Defendants Kalanick and Camp for lack of personal jurisdiction.

## V. PLAINTIFFS FAIL TO STATE A CLAIM AGAINST KALANICK AND CAMP ON ALL CAUSES OF ACTION.

Plaintiffs attempt to—but cannot—assert claims against Kalanick and Camp individually based on alleged actions of the corporate defendant, Uber. This fails not only jurisdictionally, but substantively as well. "Traditional principles of corporate law preclude individual liability unless grounds are shown either for piercing the corporate veil or finding active personal involvement in a tortious act." *Cash Energy, Inc. v. Weiner*, 768 F. Supp. 892, 895 (D. Mass. 1991) (dismissing claims against individual defendants). Plaintiffs have shown no such grounds here.

Plaintiffs have not alleged any facts that show how personal acts by Kalanick or Camp could somehow give rise to Plaintiffs' business-oriented claims regarding alleged antitrust violations, unfair competition, or tortious interference. *See*, *e.g.*, Compl. ¶¶ 149-155 (containing no specific reference to Kalanick or Camp). Courts routinely dismiss claims that, like Plaintiffs', fail to allege specific facts showing that the individual defendants engaged in the conduct that caused Plaintiffs' alleged injury. *See*, *e.g.*, *Rick v. Profit Mgmt. Assocs., Inc.*, 2017 WL 971702, at

*7 (D. Mass. Mar. 13, 2017) (dismissing 93A claims against company president because "the allegations in the complaint refer only to [the company] or to unnamed [company] personnel"); *Egan v. Tenet Health Care*, 193 F. Supp. 3d 73, 87 (D. Mass. 2016) (dismissing tortious interference claim against individual defendant because "the complaint does not contain any factual allegations from which it could be inferred that [defendant's] conduct induced" the alleged interference); *Salkind v. Wang*, 1995 WL 170122, at *8 (D. Mass. Mar. 30, 1995) (dismissing common law claims against individual directors and officers because plaintiff failed to allege individual participation in the tortious activity). Plaintiffs' fact-free allegations cannot ensnare these individual defendants in a dispute squarely aimed at alleged corporate conduct.

## VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR CIVIL CONSPIRACY.

"[T]o support a claim for common law conspiracy, the plaintiff must allege facts showing the existence of an agreement or common plan between two or more persons." *Soni v. Boston Med. Ctr. Corp.,* 683 F. Supp. 2d 74, 100 (D. Mass. 2009). Plaintiffs allege that Kalanick, Camp, and the company they founded hatched a plan together to compete unfairly against taxis. Compl. ¶¶ 177-182. Plaintiffs' claim fails for at least three reasons.

*First*, under black-letter law, "an entity cannot conspire with itself." *Platten,* 437 F.3d at 131; *Patriot Plastics & Supply, Inc. v. Polymer Corp.*, 1995 WL 809500, at *3 (Mass. Super. Jan. 20, 1995) ("[A]n employee cannot be liable for conspiracy with his or her employer if he or she was acting within the scope of employment."). The Complaint alleges only that Kalanick, Camp, and unnamed Uber employees conspired, apparently by conducting Uber's business, "to engage in unfair and deceptive acts and anti-competitive business practices" such as predatory pricing and using company technology to shield drivers' locations. Compl. ¶ 179. This allegation that Uber conspired with itself is insufficient as a matter of law. As the Supreme Court has recognized, "officers or employees of the same firm do not provide the plurality of actors imperative for [an

9

antitrust] conspiracy." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 769 (1984). "If the law were otherwise, every wrongful action by a commercial or municipal corporation on which at least two employees conferred could give rise to conspiracy liability." *Wentworth Precious Metals, LLC v. City of Everett*, 2013 WL 441094, at *14 (D. Mass. Feb. 4, 2013).

***Second***, even if such a conspiracy were possible, Plaintiffs have not pleaded a plausible conspiracy claim. For a civil conspiracy alleging that parties acted in concert, a plaintiff must "allege that the Defendants agreed to take steps toward [the underlying wrong]." *Blake v. Prof'l Coin Grading Serv.*, 898 F. Supp. 2d 365, 393 (D. Mass. 2012). Under a substantial assistance theory, a plaintiff must show the defendant assisted the tortfeasor while knowing "that the tortfeasor's conduct constituted a breach of duty, the assistance was a substantial factor in causing the resulting tort, and the defendant had unlawful intent." *Id.* at 392.

Here, Plaintiffs have not alleged *any* actions taken by Camp. And Plaintiffs only reference Kalanick fleetingly in the factual allegations, cherry-picking unrelated, out-of-context statements that show no agreement whatsoever with anyone to take any steps toward competing unfairly or deceptively and no conduct taken that could plausibly constitute substantial assistance. Compl. ¶¶ 49, 64, 118. Such threadbare allegations cannot sustain the serious charge of conspiracy. *See Blake*, 898 F. Supp. 2d at 393 (dismissing conspiracy claim for insufficient factual allegations).

***Third***, a civil conspiracy claim is a form of vicarious liability that requires an underlying tort. *Taylor v. Am. Chemistry Council,* 576 F.3d 16, 34-35 (1st Cir. 2009). Plaintiffs' unfair competition claims and predatory pricing claims fail for the reasons demonstrated in Uber's Motion to Dismiss, and the conspiracy claim cannot stand on its own. As Plaintiffs "ha[ve] no underlying tort, [their] conspiracy claim fails." *Snyder v. Collura*, 812 F.3d 46, 53 (1st Cir. 2016).

## VII. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims with prejudice.

Dated: October 20, 2017  Respectfully submitted,

TRAVIS KALANICK,
GARRETT CAMP,

By their attorneys,

/s/ Michael N. Sheetz
Michael N. Sheetz (BBO No. 548776)
Adam S. Gershenson (BBO No. 671296)
Timothy W. Cook (BBO No. 688688)
Cooley LLP
500 Boylston St.
Boston, MA 02116
Tel.: (617) 937-2300
Fax: (617) 937-2400
msheetz@cooley.com
agershenson@cooley.com
tcook@cooley.com

Beatriz Mejia (*pro hac vice*)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel.: (415) 693-2000
Fax: (415) 693-2222
mejiab@cooley.com

TRAVIS KALANICK

By his attorneys,

/s/ Walter F. Brown
Walter F. Brown (*pro hac vice*)
Melinda Haag (*pro hac vice*)
Robin A. Linsenmayer (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
Tel.: (415) 773-5700
Fax: (415) 773-5759
wbrown@orrick.com
mhaag@orrick.com
rlinsenmayer@orrick.com

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 20th day of October, 2017 this document filed through the ECF system, will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ Timothy W. Cook