United States District Court
District of Massachusetts

| | |
|---|---|
| Malden Transportation, Inc. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Uber Technologies, Inc.,<br><br>    Defendant. | Civil Action No.<br>16-12538-NMG |
| Anoush Cab, Inc. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Uber Technologies, Inc.,<br><br>    Defendant. | Civil Action No.<br>17-10142-NMG |
| Dot Ave Cab, Inc. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Uber Technologies, Inc.,<br><br>    Defendant. | Civil Action No.<br>17-10180-NMG |
| Max Luc Taxi, Inc. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Uber Technologies, Inc.,<br><br>    Defendant. | Civil Action No.<br>17-10316-NMG |

|  |  |  |
|---|---|---|
| **Gill & Gill, Inc. et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 16-12651-NMG |
| **Uber Technologies, Inc. et al,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **Sycoone Taxi, Inc. et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 17-10586-NMG |
| **Uber Technologies, Inc.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **Taxi Maintenance, Inc. et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 17-10598-NMG |
| **Uber Technologies, Inc., Travis Kalanick, and Garrett Camp,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On October 5, 2017, this session ordered the consolidation for pre-trial matters of the seven above-captioned actions, pursuant to Fed. R. Civ. P. 42(a)(2). The Court found that the actions involve common questions of law and fact and that their consolidation would serve the interests of judicial economy and

-2-

efficiency.  Counsel for the various plaintiffs were also directed to "consult and submit to this Court a proposal for coordination of the prosecution of such actions."  Plaintiffs, accordingly, submitted a "motion for entry of coordination order", including a "proposed coordination order".  Because the Court finds that proposal inadequate to ensure a workable consolidation of the cases, plaintiffs' motion for proposed entry of coordination order (Docket No. 68) will be denied without prejudice.

Plaintiffs' proposed coordination order ("the plan") is a marked improvement over their proposal offered in opposition to defendants' motion to consolidate cases.  The proposed Executive Committee, which the Court considers to be essential, is a welcome development.  The provisions for ensuring protection of sensitive information are also acceptable.  Nonetheless, the plan falls short.

This Court directed that the cases be consolidated, yet the plaintiffs' proposal continues to describe coordination rather than consolidation.  The difference is more than semantic. Plaintiffs' proposed order fails to ensure that these cases will proceed as one action.  The plan provides, for instance, that "[t]he Actions will be prosecuted, <u>as much as possible</u>,

collectively by the Executive Committee" (emphasis added). In addition, plaintiffs propose that

> Counsel for plaintiffs who disagree with the Executive Committee or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate[.]

Both provisions jeopardize effective consolidation. Plaintiffs' proposal "may waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily." See Manual for Complex Litigation (Fourth) § 10.221 (2004). The Court consolidated these cases to avoid such pitfalls and intends to do so. Accordingly, the Court will not adopt the first sentence of Paragraph 4 or the entirety of Paragraph 9 of the proposed order. Plaintiffs are free to resolve intramural disputes as they see fit but they need to present their cases to the defendant and to the Court uniformly.

In addition to the Court's power to consolidate actions under Fed. R. Civ. P. 42, a court may "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3). Under the aegis of that Rule, "the appointment of lead counsel is now commonplace in complex litigation." 9A Charles A. Wright et al., Federal Practice & Procedure § 2385 (3d ed. 2007) (collecting cases). Less drastic than the appointment of lead counsel is the appointment of liaison counsel. The Manual for Complex Litigation describes liaison counsel as typically

> [c]harged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and <u>otherwise assisting in the coordination of activities and positions</u>. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts.

Manual for Complex Litigation (Fourth) § 10.221 (2004) (citing <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 1989 WL 168401, at *19-20 (D.P.R. Dec. 2, 1988)) (emphasis added).

These responsibilities can be contrasted with those of lead counsel who is:

> Charged with formulating (in consultation with other counsel) and presenting positions on the substantive and procedural issues during the litigation. Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

<u>Id.</u>

The appropriate choice for a particular case is the role that will achieve "efficiency and economy without jeopardizing fairness to the parties." <u>See</u> <u>id.</u> Here, the Court believes that an Executive Committee, acting through an identified liaison counsel, should be charged to do just that. <u>Cf.</u> <u>State of N.J. Dep't of Envtl. Prot.</u> v. <u>Gloucester Envtl. Mgmt. Servs., Inc.</u>, 138 F.R.D. 421, 429 (D.N.J. 1991) (discussing the appropriateness of liaison counsel). In fact, the measures that

defendants propose align more with the duties of liaison counsel than to the lead counsel responsibilities described above.

Defendants request that the court appoint, or direct plaintiffs to identify, lead counsel who will, at a minimum:

1) operate as the main point of contact between Plaintiffs and Defendants;
2) serve unified discovery;
3) negotiate, lead "meet and confers" and otherwise address discovery and any discovery disputes;
4) coordinate each of Plaintiffs' written submissions to the Court in a unified brief;
5) coordinate Plaintiffs' schedules for taking and defending depositions;
6) coordinate among Plaintiffs who will take the lead at each deposition; and
7) coordinate among Plaintiffs who will take the lead in any oral argument to avoid redundancy and needless, multiple presentations.

Use of the verb "coordinate" as opposed to alternatives such as "determine", "select", or "identify" indicates a relationship indicative of a liaison for the Executive Committee. The Executive Committee will make strategic decisions by consensus or by majority. Liaison Counsel will be tasked with ensuring that the Committee's decisions are communicated to defendants and to this Court. Only the third duty indicates a lead counsel role and the Court will decline to impose that requirement.

The need for liaison counsel in this litigation is compelling. The specter of four law firms, representing over 700 plaintiffs, in seven original actions raises a serious risk

of unnecessary cost and delay.  This litigation requires a single attorney to be accountable to the Court and to negotiate with defendant on administrative matters.  An episode in discussions concerning the coordination plan now before the court illustrates the point.  According to defendant, "only two of the Plaintiffs' firms joined the meet-and-confer regarding the very plan itself."  Such difficulties should and will be avoidable with the appointment of liaison counsel.

The Court prefers to have plaintiffs collegially select an individual to act as liaison counsel for the Executive Committee.  Therefore, plaintiffs will have until Wednesday, November 15, 2017, to inform this Court of their designation of liaison counsel.  In the interest of avoiding further delay in this litigation, should plaintiffs fail to so designate within the appointed time, the Court will do so on its own.

### ORDER

For the forgoing reasons, plaintiffs' motion for proposed entry of coordination order (Docket No. 68) is **DENIED WITHOUT PREJUDICE.**  Plaintiffs shall resubmit, on or before Thursday, November 9, 2017, an amended proposed coordination order with the following amendments to its earlier proposed order (Docket No. 68-1):

- The first sentence of Paragraph 4 shall read:

The Actions will be prosecuted collectively by the
        Executive Committee.

- Paragraph 9 shall be deleted in its entirety.

- The order shall include a provision stating that:

The Executive Committee will be represented by a Liaison
Counsel who will have responsibility for:
   1) Operating as the main point of contact between
      plaintiffs and defendants;
   2) Operating as the main point of contact between
      plaintiffs and the Court;
   3) Serving and responding to unified discovery;
   4) Coordinating each of plaintiffs' written submissions
      to the Court in a unified memorandum;
   5) Coordinating plaintiffs' schedules for
          a) taking and defending depositions;
          b) taking the lead in each deposition; and
          c) taking the lead in oral arguments before the
             Court to avoid redundancies and needless,
             multiple presentations.

Plaintiffs shall inform the Court of the individual whom they have selected as Liaison Counsel on or before Wednesday, November 15, 2017, in default of which the Court will appoint Liaison Counsel.

All other deadlines previously set in this litigation remain unchanged.

**So ordered.**

>                          /s/ Nathaniel M. Gorton
>                          Nathaniel M. Gorton
>                          United States District Judge

Dated November 3, 2017