United States District Court
District of Massachusetts

| | |
|---|---|
| Malden Transportation, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. |
| v. | ) 16-12538-NMG |
| | ) |
| Uber Technologies, Inc. and Raiser, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| Anoush Cab, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. |
| v. | ) 17-10142-NMG |
| | ) |
| Uber Technologies, Inc. and Raiser, LLC, | ) |
| | ) |
| Defendants. | ) |
| Dot Ave Cab, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| Uber Technologies, Inc. and Raiser, LLC, | ) 17-10180-NMG |
| | ) |
| Defendants. | ) |
| Max Luc Taxi, Inc. et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| Uber Technologies, Inc. and Raiser, LLC, | ) 17-10316-NMG |
| | ) |
| Defendants. | ) |

-1-

```
                                     )
Gill & Gill, Inc. et al.,            )
                                     )
         Plaintiffs,                 )
                                     )
         v.                          )    Civil Action No.
                                     )    16-12651-NMG
Uber Technologies, Inc. and          )
Raiser, LLC,                         )
                                     )
         Defendants.                 )
                                     )
Sycoone Taxi, Inc. et al.,           )
                                     )
         Plaintiffs,                 )
                                     )
         v.                          )    Civil Action No.
                                     )    17-10586-NMG
Uber Technologies, Inc. and          )
Raiser, LLC,                         )
                                     )
         Defendants.                 )
                                     )
Taxi Maintenance, Inc. et al.,       )
                                     )
         Plaintiffs,                 )
                                     )
         v.                          )    Civil Action No.
                                     )    17-10598-NMG
Uber Technologies, Inc. and          )
Raiser, LLC,                         )
                                     )
         Defendants.                 )
```

## MEMORANDUM & ORDER

GORTON, J.

    This case involves seven consolidated actions brought by various taxi medallion holders in the Greater Boston area ("plaintiffs").  Plaintiffs allege that Uber Technologies, Inc.

and its wholly-owned subsidiary, Raiser, LLC ("Uber" or
"defendant") competed unlawfully in the on-demand, ride-hail
ground transportation market in and around Boston,
Massachusetts.  More particularly, plaintiffs complain that the
subject competition 1) violates the common law and the
Massachusetts Consumer Protection Act, 2) violates state and
federal antitrust law and 3) amounts to a civil conspiracy and
the aiding and abetting of unfair competition.

Before the Court is defendant's motion to dismiss the
amended antitrust claims in the Malden, Dot Ave, Max Luc and
Taxi Maintenance amended complaints (Docket No. 109).

## I. Background

Uber entered the Boston market for private transportation
services in 2011 and launched its UberX service in 2013.  The
company provides a digital tool for requesting private vehicles-
for-hire by users who download Uber's free "smart phone
application" ("the Uber app"). Users who open the Uber app on
their mobile phones are shown a map of their location or
designated pick-up point and the available Uber-affiliated
vehicles in that vicinity.

This litigation involves seven groups of plaintiffs that
represent over 800 taxi companies in the Greater Boston area.

The seven complaints were filed in this district between December, 2016, and April, 2017.  The Court consolidated the cases pursuant to Fed. R. Civ. P. 42(a)(2) in October, 2017. See Malden Transportation, Inc. v. Uber Techs., Inc., No. CV 16-12538-NMG, 2017 WL 6759425 (D. Mass. Oct. 5, 2017).  In December, 2017, this session ruled on Uber's consolidated motion to dismiss. See Malden Transportation, Inc. v. Uber Techs., Inc., 286 F. Supp. 3d 264 (D. Mass. 2017) ("Malden I").  The Court held that plaintiffs had stated claims for 1) unfair competition under the common law and the Massachusetts Consumer Protection Act, M.G.L. c. 93A, 2) aiding and abetting unfair competition and 3) civil conspiracy to commit unfair competition.  The Court allowed the defendants' motion to dismiss as to two of Uber's founders for want of personal jurisdiction and with respect to plaintiffs' antitrust, tortious interference and civil conspiracy claims. See generally id.

After the issuance of that memorandum and order, plaintiffs amended their complaints.  Four of the plaintiff groups have added additional factual allegations, which bear upon the claims of violation of state and federal antitrust law.

Before the Court is Uber's motion to dismiss those amended antitrust claims.

-4-

## II. Analysis

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.Supp.2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Threadbare recitals of the legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.  Accordingly, a complaint does

-5-

not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 679.

### 1. Attempt to monopolize under the Sherman Antitrust Act, 15 U.S.C. § 2 and the Massachusetts Antitrust Act, M.G.L. c. 93 § 5

Plaintiffs assert claims for attempt to monopolize in violation of the Sherman Antitrust Act and the Massachusetts Antitrust Act, M.G.L. c. 93 § 5.[1]

Plaintiffs argue that Uber has attempted to drive taxi companies out of business through the use of its allegedly predatorily priced UberX service. Defendants respond that plaintiff has not met the high burden of alleging a predatory pricing claim and has not alleged an injury to competition.

Section 2 of the Sherman Act makes it illegal to

> monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations.

15 U.S.C. § 2.

To state a monopolization claim under § 2, a plaintiff must adequately allege that defendant (1) has monopoly power in the relevant market and (2) has engaged in illicit "exclusionary

---

[1] Neither party contends that the legal standard varies for the state law claim.

practices" with "the design or effect of protecting or enhancing its monopoly position." Sterling Merch., Inc. v. Nestle, S.A., 656 F.3d 112, 125 (1st Cir. 2011) (quoting Coastal Fuels of P.R., Inc. v. Caribbean Petroleum Corp., 79 F.3d 182, 195 (1st Cir. 1996) (internal citation omitted)).

One kind of exclusionary practice is the practice of "predatory pricing".  In this scheme, a company reduces the price of its product to below cost, hoping to drive competitors out of business and then raise prices once it has achieved a monopoly position. See Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 584-585, n. 8 (1986).  To succeed on a predatory pricing claim a plaintiff must demonstrate that

> the prices complained of are below an appropriate measure of its rival's costs . . . [and that the competitor had] a dangerous probability of recouping its investment in below-cost prices.

Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 222, 224 (1993).

Because an economically unsound approach by a competitor could actually benefit consumers, plaintiffs must explain with particularity "just what the arrangements were and why they plausibly constituted antitrust violations." See Am. Steel Erectors v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers, 815 F.3d 43,

71 (1st Cir. 2016) (quoting Stop & Shop Supermarket Co. v. Blue
Cross & Blue Shield of R.I., 373 F.3d 57, 65 (1st Cir. 2004)).

Plaintiffs fail to allege facts supporting a predatory
pricing claim.  The new allegations do not cure the deficiencies
that doomed the Malden I plaintiffs. See Malden I, 286 F. Supp.
3d at 279-280.

Plaintiffs do not allege that Uber's services were priced
below Uber's costs.  They do not "explain in detail" why Uber's
conduct constituted an antitrust violation. See Am. Steel, 815
F.3d at 71.  The second amended complaint alleges that Uber
"deflated the UberX fares to below cost in order to drive out
the taxi drivers." But such "threadbare recitals of a cause of
action's elements, supported by mere conclusory statements, do
not suffice" to survive the motion to dismiss stage. Iqbal, 556
U.S. at 678 (citing Twombly, 550 U.S. at 555).

Basic facts such as what an average or median "ride" in the
Boston area costs Uber, or costs a taxi, are absent.  Plaintiffs
attempt to bolster the factual allegations found lacking in
Malden by attaching a report from the Wall Street Journal
showing that, worldwide, Uber's costs exceed its revenue.
Uber's global performance, however, does not constitute an
allegation as to Uber's costs in the "ride-hailing market in the
City of Boston."  Plaintiffs complain that they are unable to

-8-

obtain Uber's pricing information without discovery because Uber is a private corporation that does not disclose such figures. But the difficulty of satisfying the pleading standard does not excuse plaintiffs from meeting that standard. See Affinity LLC v. GfK Mediamark Research & Intelligence, LLC, No. 12-cv-1728-RJS, 2013 WL 1189317, at *4 (S.D.N.Y. Mar. 25, 2013), aff'd, 547 F. App'x 54 (2d Cir. 2013) (dismissing predatory pricing claim because plaintiff failed to plead defendant's actual costs in the relevant market).

In a similar vein, plaintiffs fail to allege facts demonstrating Uber's intent to monopolize.  A plaintiff alleging an attempt to monopolize must establish "specific intent" to destroy competition. Home Placement Serv., Inc. v. Providence Journal Co., 682 F.2d 274, 281 (1st Cir. 1982) (citing Times-Picayune Pub. Co. v. United States, 345 U.S. 594, 626 (1953)). Plaintiffs generally state that Uber's intent to monopolize "has been made clear" through the statements of its former CEO and its advertising materials.  However, the amended complaints do not include satisfactory examples of such statements.  Finally, plaintiffs argue that the UberX price itself demonstrates specific intent.  That argument lacks merit.  Without an unlawful intent, "increasing sales and increasing market share are normal business goals," not verboten practices. U.S. Steel

Corp. v. Fortner Enterprises, Inc., 429 U.S. 610, 612 n.1 (1977).  Low prices are a reasonable way to achieve those goals. No specific facts in the amended complaint demonstrate that Uber intended to obtain a monopoly in the Boston ride-hailing market.

Equally important, plaintiff fails to show an injury to Boston consumers.  This omission is fatal because antitrust plaintiffs must show that "defendants' actions caused an injury to competition, as distinguished from impact on themselves." R.W. Int'l Corp. v. Welch Food, Inc., 13 F.3d 478, 487 (1st Cir. 1994).  According to plaintiff's complaint, Uber's entry caused the supply in the ride-hailing market to increase and the price to diminish.  Those allegations fail to demonstrate an injury to competition. See Sullivan v. Nat'l Football League, 34 F.3d 1091, 1096 (1st Cir. 1994), as amended on denial of reh'g (Oct. 26, 1994) ("Anticompetitive effects, more commonly referred to as injury to competition or harm to the competitive process, are usually measured by a reduction in output and an increase in prices in the relevant market.") (internal quotation marks omitted) (citation omitted).  A decrease in the value of Boston taxi medallions is immaterial.  Plaintiffs' allegation that Uber discriminates against the poor and disabled is similarly irrelevant.  The Sherman Act prohibits "attempt[s] to monopolize", not unlawful discrimination. 15 U.S.C. § 2. See

-10-

also Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp., 509
U.S. 209, 225 (1993) (reiterating that the Sherman Act does not
"purport to afford remedies for all torts committed by or
against persons engaged in interstate commerce") (quoting Hunt
v. Crumboch 325 U.S. 821, 826 (1945)).

Finally, this Court finds the analysis in Philadelphia Taxi
Ass'n, Inc. v. Uber Techs., Inc., 886 F.3d 332 (3d Cir. 2018),
applicable and persuasive.  In that case, Philadelphia taxicab
drivers and taxicab companies alleged that Uber's entry into the
Philadelphia taxicab market violated the Sherman Act. Id. at
336.  Just as plaintiffs do here, the Philadelphia plaintiffs
argued that Uber's actions were

> illegal, predatory and led to a sharp drop in the value of
> taxicab medallions as well as a loss of profits.

Id.

The Third Circuit Court of Appeals ("Third Circuit")
affirmed the district court's dismissal of plaintiffs'
complaint, holding that the plaintiffs had failed 1) to state a
claim for attempted monopolization or 2) to allege a legally
cognizable antitrust injury. Id.  The Third Circuit reasoned
that Uber "bolstered competition", "operate[d] at a lower cost"
and attracted taxi drivers "due to its cost efficiency and
competitive advantage", but that such conduct does not

-11-

constitute anticompetitive conduct violative of antitrust law. Id. at 340-41. The same can be said here. Moreover, the Circuit found that plaintiffs failed to allege specific intent to monopolize which was significant given that Uber's strategy could "be reasonably viewed as predominantly motivated by legitimate business aims." Id. at 341 (internal quotation marks omitted) (quoting Times Picayune Publ'g Co. v. United States, 345 U.S. 594, 627 (1953)). The amended complaints here suffer from the same deficiency.

Finally, the Third Circuit observed that plaintiffs had failed to allege antitrust standing because "harm to [plaintiffs'] business does not equal harm to competition." Id. at 344. The same applies to the present case. Plaintiffs' amended complaints and legal theories are substantially indistinguishable from those dismissed in Philadelphia Taxi and this Court sees no reason to diverge from the well-reasoned opinion in that case.

**ORDER**

For the foregoing reasons, defendants' partial motion to dismiss the antitrust claims in the <u>Malden</u>, <u>Dot Ave</u>, <u>Max Luc</u> and <u>Taxi Maintenance</u> amended complaint (Docket No. 109) is **ALLOWED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton_____</u>
Nathaniel M. Gorton
United States District Judge

Dated June 18, 2018