UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MALDEN TRANSPORTATION, INC. et al,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and RASIER, LLC,<br><br>Defendants. | C.A. No. 1:16-cv-12538-NMG<br><br>consolidated with:<br>C.A. No. 1:16-cv-12651-NMG;<br>C.A. No. 1:17-cv-10142-NMG;<br>C.A. No. 1:17-cv-10180-NMG;<br>C.A. No. 1:17-cv-10316-NMG;<br>C.A. No. 1:17-cv-10598-NMG; and<br>C.A. No. 1:17-cv-10586-NMG |

### UNOPPOSED MOTION TO DISMISS SUPER MOON, INC., DANIELLE TAXI, INC., GARRETT TAXI, INC., AND NICOLE TAXI, INC. FOR FAILURE TO PROSECUTE

Under Federal Rule of Civil Procedure 41, Defendants Uber Technologies, Inc. and Raiser LLC ("Uber") hereby request—without opposition—that this Court dismiss Super Moon, Inc., Danielle Taxi, Inc., Garrett Taxi, Inc., and Nicole Taxi, Inc. ("Plaintiffs") from the above-captioned matter for failure to prosecute. Plaintiffs have demonstrated their disinterest in pursuing the case by their failure to respond to the discovery requests propounded by Uber despite a court order to do so. Indeed, Plaintiffs' counsel has acknowledged that even they are unable to reach their clients. As of the date of this filing, Plaintiffs' counsel has confirmed that they have no basis to oppose this motion.

**I.   THE COURT SHOULD DISMISS THE NON-RESPONSIVE PLAINTIFFS.**

Federal Rule of Civil Procedure 41(b) states that "if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Here, dismissal is appropriate because Plaintiffs have ignored or flouted court orders and failed to take the essential actions to proceed with this suit. Throughout the discovery process, Plaintiffs have been unresponsive to Uber's requests and have not responded to inquiries from their own counsel. With hundreds of other plaintiffs pursuing claims against Uber, judicial economy

1

and fairness to Uber compel the dismissal of the unresponsive parties.

### A. Plaintiffs Ignored a Court Order to Respond to Form Interrogatories.

Due to Plaintiffs' inactivity, Uber filed a motion to compel their response to form interrogatories on April 30, 2018. Over five months ago, on May 15, the Court granted the motion in relevant part and ordered Plaintiffs to respond to Uber's Form Interrogatories by June 8, 2018 with "no extensions to be granted." Dkt. No. 148, Transcript of Motion Hearing at 41 (May 15, 2018). Yet even now Plaintiffs have failed to respond to Uber's discovery requests and have ignored the Court's May 15, 2018 order compelling their responses.

Plaintiffs have offered no cognizable excuse for their failure to participate in the case throughout the discovery process. Even Plaintiffs' counsel have been unable to reach them. Such inaction over the course of the case is both inconsistent with a plaintiff's duty to prosecute its claim and incompatible with the efficient operation of this Court. *See, e.g.*, *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990) (upholding dismissal where plaintiffs failed to respond to interrogatories and court orders when case had been pending less than four months).

### B. Plaintiffs Have Not Responded to Uber's Second Set of Interrogatories.

Two months ago, Uber served its Second Set of Interrogatories. Once again, Plaintiffs failed to respond. Plaintiffs' failure to provide adequate discovery in this case, even as the deadline for fact discovery quickly approaches, severely prejudices Uber. Plaintiffs' refusal to participate in discovery makes it impossible for Uber to marshal the facts necessary to defend itself and warrants their dismissal. *See, e.g., Faust v. Cabral*, No. 12–11020, 2015 WL 3953185, at *3 (D. Mass. May 15, 2015) (granting dismissal where plaintiff's failure to participate in discovery deprived the defendant of the ability to probe plaintiff's case). Plaintiffs' simultaneous inaction and failure to obey court orders warrant dismissal for failure to prosecute. Even Plaintiffs' counsel agrees.

There are many plaintiffs in this case. The parties, their counsel, and the Court should focus

on those who choose to actively prosecute their cases.

## **CONCLUSION**

The Court should grant the unopposed motion and dismiss Plaintiffs Super Moon, Inc., Danielle Taxi, Inc., Garrett Taxi, Inc., and Nicole Taxi, Inc.


Dated:  October 23, 2018

Respectfully submitted,

UBER TECHNOLOGIES, INC AND
RASIER, LLC

By Their Attorneys,

/s/ Michael N. Sheetz
Michael N. Sheetz (BBO #548776)
Adam S. Gershenson (BBO #671296)
Timothy W. Cook (BBO# 688688)
Cooley LLP
500 Boylston Street
Boston, MA 02116
Tel.: (617) 937-2300
Fax: (617) 937-2400
msheetz@cooley.com
agershenson@cooley.com
tcook@cooley.com

Beatriz Mejia (*pro hac vice*)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: (415) 693-2000

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I, Timothy W. Cook, hereby certify that pursuant to Local Rule 7.1(a)(2), counsel for Defendants conferred in good faith with counsel for Plaintiffs in an effort to resolve or narrow the issues presented in this motion. Counsel does not oppose this motion.

/s/ Timothy W. Cook

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 23, 2018.

/s/ Timothy W. Cook